HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID OLINEY TAYLOR,

    Defendant.

Case No. CR03-5047RBL

ORDER

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion to Notify Court of Material Change in Defendant's Economic Circumstances and Request Adjustment [Dkt. #152]. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

## I. BACKGROUND

On October 27, 2006, Taylor was resentenced after remand to 235 months in custody, five years of supervised release, and $36,694.00 in restitution after his guilty plea to nine counts of Armed Bank Robbery and one count of Bank Robbery. He is currently serving his sentence at FCI Williamsburg with a projected release date of March 21, 2020. Taylor alleges that his economic circumstances have materially changed and requests that the Court defer his restitution payments until he is released from custody or until he is transferred to another institution with "better paying jobs."

ORDER
Page - 1

## II.  DISCUSSION

As part of Taylor's sentence, the Court ordered that he pay restitution during his incarceration and that the collection and distribution of restitution be in accordance with the Inmate Financial Responsibility Program (IFRP).  The IFRP is governed by 28 C.F.R. § 545.10-545.11.  It is designed to encourage each inmate "to meet his . . . legitimate financial obligations" and participation is "indicative of that individual's acceptance and demonstrated level of responsibility."  28 C.F.R. § 545.10.  Staff meet with each inmate and develop a financial plan and if enough funds, as calculated by the BOP, are in the inmate's prison account, the inmate is asked to pay at a minimum $25.00 per quarter towards his monetary obligations.  28 C.F.R. § 545.11.  Participation in the IFRP is voluntary; however, inmates who decline to participate face a loss of designated privileges.  28 C.F.R. § 545.11(d).

According to his BOP counselor, Taylor has been making his $25.00 quarterly payments when he has funds available, and has not had his privileges taken away for refusing to participate in the IFRP.

Taylor brings this motion pursuant to 18 U.S.C. § 3664(k) which provides, in pertinent part:

> Upon receipt of the notification [of a material change in the defendant's financial economic circumstances] the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

He claims that the downturn in the economy, both at FCI Williamsburg where the prison industry has been terminated and only "low paying jobs" remain, and elsewhere which prevents family and friends from sending him money, have resulted in a material change in his financial situation.

The defendant bears the burden of demonstrating that his economic situation has materially changed.  18 U.S.C. § 3664(e) ("The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant's dependents, shall be on the defendant.") The Court at sentencing reviewed Taylor's financial situation, was acutely aware that the defendant would be spending a substantial period in prison, and determined that he should participate in the IFRP.  Nothing has changed. Taylor has failed to show a material change in his financial situation which would merit the relief he seeks.

To the extent Taylor challenges the way FCI Williamsburg is administering the IFRP, and thus challenging the way his sentence is being carried out, the proper recourse is to file a motion under 28 U.S.C. § 2241 in the district court in the district he is being held.

Defendant's Motion to Notify the Court of Material Change in Defendant's Economic Circumstances and Request Adjustment [Dkt. #152] is **DENIED.**

**IT IS SO ORDERED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 11th day of June, 2010.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE